**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RONALD DOETCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| KEYBANK NATIONAL ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1.      Plaintiff brings this action to secure redress for unlawful repossession of a boat by defendant KeyBank National Association.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §1332, in that the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.      Venue in this District is proper because the events (repossession sale of a boat) occurred here and defendant does business here.

### PARTIES

4.      Plaintiff is a citizen of Illinois and a resident of the Northern District of Illinois.

5.      Defendant KeyBank National Association is a federally chartered corporation which operates a bank.  It has principal offices at 127 Public Square, Cleveland, Ohio 44114.  It does business in Illinois.

### FACTS

6.      In 2005, plaintiff purchased a 42-foot Beneteau 423 sloop (2006 model year) with auxiliary engine from Karma Yacht Sales, Chicago, Illinois, for $234,572.00,

1

financing the purchase through KeyBank National Association.

7.      The boat was used for personal, family or household purposes and not for business purposes.

8.      In 2011, the remaining balance on the boat loan with defendant KeyBank National Association was about $87,000.

9.      Plaintiff fell behind on his payments and listed the boat for sale with a broker in Chicago.

10.      On May 10, 2011, the boat was repossessed by KeyBank National Association.

11.      Plaintiff had about $20,000 worth of personal property on the boat at the time of repossession, including a Bimini dodger, winter cover, custom hatch doors, electric head, tools, rail grill, and other items.

12.      On May 11, 2011, KeyBank National Association sent plaintiff the notices attached as Exhibits A-C.

13.      Plaintiff inquired about reinstating the loan and was told that he would have to pay $8,450.79 rather than any amount stated on Exhibits A-C.  Plaintiff was unable to raise the higher amount.

14.      The personal property was never returned to plaintiff.

15.      On information and belief, between May 11, 2011 and August 18, 2011, the boat was sold for $122,000.

16.      On information and belief, it was sold at Skipper Marine of Chicago-Land, Inc., d/b/a SkipperBud's, at Winthrop Harbor, Illinois.

17.      On information and belief, SkipperBud's acted as the agent of defendant KeyBank National Association.

18.      Plaintiff had located an online ad placed by SkipperBud's for the boat. (Exhibit D)

2

19.     Plaintiff contacted SkipperBud's to retrieve his personal property and was informed that he had to talk to KeyBank National Association.

20.     Plaintiff attempted to talk to KeyBank National Association and was unable to obtain any information.

21.     Plaintiff was unable to recover his personal property on the boat.

22.     KeyBank National Association would not even confirm that the boat was being sold through SkipperBud's, or advise plaintiff where or through whom the boat was being sold.

23.     On information and belief, the sale was not commercially reasonable.

24.     Plaintiff had received an offer of $170,000 for the boat in April 2011, but thought it was too low.

25.     Plaintiff informed KeyBank National Association of the $170,000 offer by letter of June 1, 2011.  (Exhibit E)

26.     On information and belief, KeyBank National Association made no attempt to accept this offer or locate the offeror.

27.     On August 18, 2011, KeyBank National Association sent plaintiff the letter attached as Exhibit F, stating that there was a surplus of $33,932.97.

28.     On December 5, 2011, KeyBank National Association sent plaintiff a check for $14,323.58.  (Exhibit G)

29.     The check was not accompanied by any explanation or accounting.

30.     Plaintiff called KeyBank National Association on multiple occasions both before and after December 5, 2011, but was unable to obtain any explanation or accounting.

31.     On information and belief, KeyBank National Association or its agents simply kept most of the surplus.

## COUNT I – UNIFORM COMMERCIAL CODE

32.     Plaintiff incorporates paragraphs 1-31.

3

33.    The course of conduct set forth above violated the following provisions of the Uniform Commercial Code:

  a.    810 ILCS 5/9-609, in that defendant took possession of property that was not collateral;

  b.    810 ILCS 5/9-610, in that defendant did not engage in a commercially reasonable disposition of the collateral;

  c.    810 ILCS 5/9-601, in that defendant disposed of property that was not collateral;

  d.    810 ILCS 5/9-613 and 9-614, in that either defendant did not accurately state the amount that had to be paid by plaintiff to get the boat back, or accurately stated the amount but demanded more money;

  e.    810 ILCS 5/9-615, in that defendant did not pay the entire surplus over to plaintiff;

  f.    810 ILCS 5/9-616, in that defendant's explanation of the calculation of the surplus did not correspond to the amount paid to plaintiff.

34.    Plaintiff is therefore entitled to statutory damages under 810 ILCS 5/9-625, which provides:

**Sec. 9-625. Remedies for secured party's failure to comply with Article.**

**. . . (c) Persons entitled to recover damages; statutory damages in consumer-goods transaction. Except as otherwise provided in Section 9-628 [*810 ILCS 5/9-628*]:**

**(1) a person that, at the time of the failure, was a debtor, was an obligor, or held a security interest in or other lien on the collateral may recover in an individual action damages under subsection (b) for its loss; and**

**(2) if the collateral is consumer goods, a person that was a debtor or a secondary obligor at the time a secured party failed to comply with this Part may recover in an individual action for that failure in any event an amount not less than the credit service charge plus 10**

4

**percent of the principal amount of the obligation or the time-price differential plus 10 percent of the cash price. . . .**

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and against defendant KeyBank National Association for:

(1)     Statutory damages;

(2)     Costs of suit;

(3)     Such other or further relief as the Court deems proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

35.     Plaintiff incorporates paragraphs 1-31.

36.     Defendant KeyBank National Association engaged in unfair acts and practices, in violation of 815 ILCS 505/2, by:

a.     Converting plaintiff's surplus;

b.     Refusing to account to plaintiff for the surplus;

c.     Demanding more money to reinstate the loan than KeyBank National Association was entitled to demand;

d.     Selling the boat in a commercially unreasonable manner;

e.     Converting plaintiff's personal property.

37.     Defendant KeyBank National Association violated the public policy of Illinois, as set forth in the Uniform Commercial Code, by engaging in such conduct.

38.     Defendant  KeyBank National Association caused substantial harm to plaintiff, in excess of $50,000.

39.     Defendant  KeyBank National Association engaged in this conduct in the course of trade and commerce.

40.     Defendant KeyBank National Association engaged in this conduct with intentional or reckless disregard of plaintiff's rights, warranting substantial punitive damages.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and against defendant KeyBank National Association for:

5

      (1)     Compensatory damages;

      (2)     Punitive damages;

      (3)     Attorney's fees, litigation expenses and costs of suit;

      (4)     Such other or further relief as the Court deems proper.

## COUNT III – CONVERSION

41.    Plaintiff incorporates paragraphs 1-31.

42.    Through the conduct set forth above, defendant KeyBank National Association converted:

      a.     Plaintiff's surplus;

      b.     Plaintiff's boat;

      c.     Plaintiff's personal property.

43.    Defendant KeyBank National Association caused substantial harm to plaintiff, in excess of $50,000.

44.    Defendant KeyBank National Association engaged in this conduct with intentional or reckless disregard of plaintiff's rights, warranting substantial punitive damages.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and against defendant KeyBank National Association for:

      (1)     Compensatory damages;

      (2)     Punitive damages;

      (3)     Costs of suit;

      (4)     Such other or further relief as the Court deems proper.

      s/ Daniel A. Edelman
      Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **<u>JURY DEMAND</u>**

Plaintiff demands trial by jury.

<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)